RENDERED: JULY 31, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0469-MR

SHANE STANLEY                                                        APPELLANT

v.
APPEAL FROM PIKE CIRCUIT COURT
HONORABLE HOWARD KEITH HALL, JUDGE
ACTION NO. 23-CR-00254

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: CETRULO, MCNEILL, AND TAYLOR, JUDGES.

MCNEILL, JUDGE: Shane Stanley ("Stanley") appeals from the Pike Circuit

Court's judgment convicting him of fourth-degree assault and sentencing him to

ninety (90) days in jail and a $500 fine. For the reasons below, we affirm

Stanley's conviction for fourth-degree assault, but vacate the associated $500 fine.

# BACKGROUND

In November 2022, Shane was involved in a motor vehicle accident after swerving to avoid a deer and colliding with a tree. Although Shane was unharmed, his eighty-year-old mother, who was in the front seat and not wearing her seatbelt, suffered significant injuries requiring an extended hospital stay and, ultimately, confinement to a long-term care facility. While speaking with Shane at the scene of the accident, police officers noticed signs of impairment, including slurred speech, bloodshot eyes, and the odor of marijuana. When confronted, Shane admitted to taking three gabapentin and smoking marijuana earlier in the day.

Law enforcement administered field sobriety tests, including the Horizontal Gaze Nystagmus ("HGN"), the walk-and-turn, and the one-legged stand. The walk-and-turn test and one-legged stand test suggested impairment, while the HGN test did not. Based upon these results, Shane was arrested for driving under the influence ("DUI") and failure to wear seatbelts.

Shane was subsequently indicted for first-degree assault and DUI. Following a jury trial, Shane was convicted of the lesser-included offense of fourth-degree assault and acquitted of DUI. He filed a motion for judgment notwithstanding the verdict ("JNOV")/motion for judgment of acquittal, arguing the evidence was insufficient to support the fourth-degree assault charge. The trial

court denied the motion, and Shane was sentenced to ninety (90) days in jail and a $500 fine. This appeal followed.

## STANDARD OF REVIEW

Shane challenges the trial court's denial of his motion for "JNOV"/motion for judgment of acquittal.[1] Our standard of review on a motion for JNOV is the same as on a motion for directed verdict. *Commonwealth v. Nourse*, 177 S.W.3d 691, 699 (Ky. 2005). "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citation omitted). "Further, the Commonwealth must only produce more than a 'mere scintilla' of evidence to defeat a defendant's motion for a directed verdict." *Doneghy v. Commonwealth*, 410 S.W.3d 95, 102 (Ky. 2013) (citing *Benham*, 816 S.W.2d at 187).

## ANALYSIS

Shane argues he was entitled to a JNOV/judgment of acquittal because there was insufficient evidence to support the fourth-degree assault conviction. A person is guilty of fourth-degree assault when: "(a) He intentionally

---

[1] A JNOV "is functionally equivalent to a judgment of acquittal[.]" *Maupin v. Commonwealth*, 542 S.W.3d 926, 931 (Ky. 2018).

-3-

or wantonly causes physical injury to another person; or (b) With recklessness he causes physical injury to another person by means of a deadly weapon or a dangerous instrument." Kentucky Revised Statute ("KRS") 508.030(1). A person acts wantonly when they are aware of but consciously disregard a "substantial and unjustifiable risk" which is "of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." KRS 501.020(3). A person acts recklessly when they fail to perceive a "substantial and unjustifiable risk" which is "of such nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." KRS 501.020(4).

Stanley agrees that driving under the influence is sufficient proof of wanton or reckless conduct to support a conviction for fourth-degree assault. *Walden v. Commonwealth*, 805 S.W.2d 102, 104 (Ky. 1991); *Commonwealth v. Runion*, 873 S.W.2d 583, 586 (Ky. App. 1993). Here, the Commonwealth produced more than a mere scintilla of evidence that Stanley was driving while impaired. Officers on scene testified that Stanley had slurred speech, bloodshot eyes, and smelled of marijuana. Further, two of three field sobriety tests indicated impairment. Finally, Stanley admitted that he had smoked marijuana and taken three gabapentin earlier in the day. Based upon this evidence, it would not be clearly unreasonable for a jury to find Shane guilty of fourth-degree assault.

However, Shane argues that because the jury acquitted him of DUI, it did not believe beyond a reasonable doubt that he was under the influence of drugs or alcohol at the time of the accident. Therefore, there is no evidence of wantonness or recklessness to support the fourth-degree assault conviction. Essentially, Stanley is arguing that the verdicts are inconsistent.

It is not necessarily true that just because the jury acquitted Stanley of DUI, it did not believe beyond a reasonable doubt that he was driving impaired at the time of the accident. His conviction for fourth-degree assault but acquittal for DUI could be the product of lenity. As noted by the United States Supreme Court in *Dunn v. United States*, 284 U.S. 390, 52 S. Ct. 189, 76 L. Ed. 356 (1932), where truly inconsistent verdicts have been reached, "[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." *Id.* at 393, 52 S. Ct. at 190. This is why our Supreme Court has recognized that "rigid adherence to a prohibition against inconsistent verdicts may interfere with the proper function of a jury, particularly with regard to lenity." *Commonwealth v. Harrell*, 3 S.W.3d 349, 351 (Ky. 1999) (citing *Dunn*, 284 U.S. 393, 52 S. Ct. at 190). Therefore, instead of requiring consistent verdicts, we "consider each count of an indictment as its own stand-alone indictment[,]" *Exantus v. Commonwealth*, 612 S.W.3d 871, 882 (Ky. 2020) (citation omitted),

and determine "whether there was sufficient evidence to support an individual conviction." *Id.* (citation omitted).

Here, as noted above, it would not be clearly unreasonable for a jury to find that Stanley was driving impaired and thereby wantonly or recklessly caused injury to his mother. In addition to the evidence that Stanley was under the influence, there was also evidence that he was driving while his mother was not wearing her seatbelt. Taken together, this evidence was more than sufficient to support the jury's verdict on fourth-degree assault.

Stanley also argues that the trial court impermissibly relied on unsworn and unauthenticated juror statements in denying his motion for JNOV. In response to Stanley's motion, the Commonwealth disclosed that it had asked a juror why the jury had convicted Stanley of fourth-degree assault but acquitted him of DUI. The juror replied that the jury was not convinced Stanley was guilty of DUI because the HGN test did not indicate impairment, and they believed this was the most reliable test. As to fourth-degree assault, the jury believed that Stanley's driving may have been affected by his substance use earlier that day and that he should not have been driving while his mother was unrestrained. In denying Stanley's motion, the trial court held that "it is the operator's responsibility to ensure passengers are properly restrained by seatbelt inside the vehicle[,]" citing KRS 189.125.

-6-

Even assuming the trial court relied upon the unsworn juror statement, we may affirm a lower court for any reason supported by the record. *Osborne v. Commonwealth*, 718 S.W.3d 622, 627 (Ky. 2025). As we have determined that the trial court did not err in denying Stanley's motion for JNOV for the reasons above, we decline to address this argument further.

Finally, Stanley argues the trial court erred in imposing a $500 fine after finding him indigent. Although Stanley admits this error is unpreserved, he is correct that this issue may be presented for the first time on appeal. *Travis v. Commonwealth*, 327 S.W.3d 456, 459 (Ky. 2010). KRS 534.040(1) and (2) authorize the imposition of fines for misdemeanor convictions, such as fourth-degree assault. Under KRS 534.040(4), however, "[f]ines required by this section shall not be imposed upon any person determined by the court to be indigent pursuant to KRS Chapter 31."

On December 1, 2022, the Pike District Court found Stanley indigent pursuant to KRS Chapter 31 and appointed the Department of Public Advocacy ("DPA") to represent him; Stanley was represented by the DPA throughout the circuit court proceedings. "If a defendant is provided court-appointed counsel, the Court may assume the trial court determined that he was an indigent person." *Hall v. Commonwealth*, 551 S.W.3d 7, 21 (Ky. 2018) (internal quotation marks and citation omitted). Therefore, the trial court erred in imposing the $500 fine, and we

vacate that portion of the judgment and remand to the trial court to enter a new judgment consistent with this Opinion.

## CONCLUSION

For the foregoing reasons, we affirm the judgment and sentence of the Pike Circuit Court, except for the portion imposing the $500 fine, which is vacated, and this matter is remanded to the trial court for the entry of a new judgment consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer E. Hubbard
Louisville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky